```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
                      EASTERN DIVISION
```

Brenda Carey,                          )
                                       )
      Plaintiffs,                     )
                                       )
                                       )
   v.                                  ) Case No. 15 C 4530
                                       )
                                       )
Brothers & Thompson, PC, Seaway Bank   )
and Trust Company,                     )
                                       )
      Defendants.                     )
                                       )
                                       )

## ORDER

Plaintiff's two-count complaint asserts violations of the Fair Debt Collection Practices Act ("FDCPA") and the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") arising out of defendants' attempts to collect plaintiff's mortgage debt. Plaintiff claims that defendants attempted to collect mortgage arrears and instituted foreclosure proceedings in violation of the automatic stay mandated by plaintiff's ongoing Chapter 13 bankruptcy proceedings. Plaintiff further alleges that defendants' collection efforts were inconsistent with her confirmed bankruptcy plan, under which plaintiff is required to remit payment for mortgage arrears to the bankruptcy trustee, not to Seaway. Before me is Seaway's motion to dismiss plaintiff's ICFA count, which I deny for the following reasons.

To state a cause of action under the ICFA, plaintiff must allege: "(1) a deceptive act or unfair practice occurred, (2) the defendant intended for plaintiff to rely on the deception, (3) the deception occurred in the course of conduct involving trade or commerce, (4) the plaintiff sustained actual damages, and (5) such damages were proximately caused by the defendant's deception." *Wiegel v. Stork Craft Mfg., Inc.*, 780 F. Supp. 2d 691, 693 (N.D. Ill. 2011) (*citing Dubey v. Public Storage, Inc.*, 918 N.E.2d 265, 277 (Ill. App. Ct. 2009)). Conduct that violates the statute may be unfair, deceptive, or both. *Id*. While allegations of a deceptive practice sound in fraud and are governed by Rule 9(b), allegations of unfairness are subject to the ordinary notice pleading standards of Rule 8. *Windy City Metal Fabricators & Supply, Inc. v. CIT Technology Financing Services*, 536 F.3d 663, 668-69 (7th Cir. 2008).

Seaway opens its motion by explaining that it mistakenly violated the automatic stay because it was aware that a bankruptcy petition plaintiff had previously filed had been dismissed, and did not know that plaintiff filed the now-pending bankruptcy case shortly thereafter. Seaway states that as soon as it became aware of plaintiff's second filing and automatic stay, it immediately moved to dismiss the foreclosure suit. Even if true, these facts do not compel dismissal of plaintiff's ICFA claim, which is supported by her allegations that defendants continued to send her

2

statements seeking immediate payment of arrearages, since those amounts were not due from her but instead from the bankruptcy trustee pursuant to her confirmed plan. Her claim is also supported by her allegation that an employee of Seaway told her that it was "too late" to resolve her outstanding debts, and that Seaway would "evict [plaintiff] and her family in a few days" if she did not pay the amounts it claimed were due.

Defendant further argues that the collection letters it sent plaintiff were not inaccurate or that defendant intended for plaintiff to rely on them; that plaintiff does not allege damages; and that plaintiff's ICFA claim should be barred because she has also filed a motion for sanctions for violation of the automatic stay in the bankruptcy proceedings. As to the first argument, I disagree that the attachments to plaintiff's complaint disprove her claim that the letters she received from Seaway were deceptive or misleading. To the contrary, the attachments appear to be consistent with plaintiff's allegation that while she is responsible for remitting her "current monthly payments" directly to Seaway, *see* Cmplt., Exh. B at 2, payment to Seaway for "Mortgage arrears" is to be disbursed by the trustee pursuant to her bankruptcy plan. *Id*. at 4. Nor does defendant's characterization of the letters it sent plaintiff as "loan statements" rather than "collection letters" alter the analysis; however styled, the letters contain an amount claimed to be due and a "payment due

3

date" falling roughly two weeks after the statement date. These statements can plausibly be construed as collection letters, and it is likewise reasonable to infer that defendant intended plaintiff to rely on them.

Defendants' remaining arguments likewise lack merit. Plaintiff adequately alleged damages in the form of illegal fees, charges and damage to her credit report among other things. That is sufficient. *Hammer v. Residential Credit Solutions, Inc.,* No. 13 C 6397, 2014 WL 4477948, at *8 (N.D. Ill. Sept. 11, 2014) (Durkin, J.). As for the "double recovery" issue, the only authority defendant cites is *Robinson v. Toyota Motor Credit Corp.*, 775 N.E. 2d 951, 963 (Ill. 2002). In that case, however, the plaintiffs had *already* obtained a judgment granting them recovery for the same injuries they asserted in a later action. It is far from clear, based on the pleadings alone, that any sanctions plaintiff may be seeking in the bankruptcy proceedings are premised on the same injury she asserts here. Even assuming they are, however, defendant has not asserted that sanctions have already been awarded.

ENTER ORDER:

_____
Elaine E. Bucklo
United States District Judge

Dated: December 2, 2015

4